**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-6254 FMO (AFMx) | Date | August 14, 2018 |
| Title | Alexander Sanchez v. NRG Energy, Inc., et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Vanessa Figueroa | None | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): | |
| None Present | | None Present | |

**Proceedings:** (In Chambers) Order Remanding Action

On October 19, 2017, Alexander Sanchez ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against NRG Energy, Inc. ("NRG") and Ken Riesz ("Riesz") (collectively, "defendants"). (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1). On May 24, 2018, plaintiff filed a First Amended Complaint ("FAC"), asserting, among other claims, breach of implied contract, breach of covenant of good faith and fair dealing, intentional infliction of emotional distress, and a race and age harassment claim under the Fair Employment and Housing Act, Cal. Gov. Code §§ 12900, et seq. ("FEHA") against Riesz. (See Dkt. 1-1, FAC at ¶¶ 14-71). On July 19, 2018, NRG removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441. (See Dkt. 1, NOR at ¶ 12). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501, 126 S.Ct. 1235, 1237 (2006).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566-67 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6254 FMO (AFMx) | Date | August 14, 2018 |
|---|---|---|---|
| Title | Alexander Sanchez v. NRG Energy, Inc., et al. | | |

is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2] Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiff appears to be a citizen of California. (See Dkt. 1-1, FAC at ¶ 5; Dkt. 1, NOR at ¶ 15). NRG has shown that it is a citizen of Delaware and New Jersey. (See Dkt. 1, NOR at ¶¶ 16-18). However, Riesz appears to be a citizen of California. (See Dkt. 1-1, FAC at ¶ 7; Dkt. 1, NOR at ¶ 25) (failing to challenge allegation that Riesz is a resident of California). NRG asserts, however, that Riesz is a sham defendant, and therefore, his citizenship should be disregarded for purposes of diversity jurisdiction. (See Dkt. 1, NOR at ¶ 22).

"If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Computer Sys., Inc. v. AT & T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (internal quotation marks

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

[2] NRG seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6254 FMO (AFMx) | Date | August 14, 2018 |
|---|---|---|---|
| Title | Alexander Sanchez v. NRG Energy, Inc., et al. | | |

omitted). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal." Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law."). The defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. See Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); see also Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (internal quotation marks omitted) (emphasis in original); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met the "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted).

Here, NRG has failed to meet its heavy burden of showing by clear and convincing evidence that plaintiff does not have a colorable claim against Riesz. NRG contends that plaintiff's claims against Riesz fail to state a claim because: (1) "Plaintiff's allegations against Defendant Riesz, even if true, constitute nothing more than personnel management decisions/conduct, which, under well-settled law, cannot support Plaintiff's claims as a matter of law[,]" (see Dkt. 1, NOR at ¶ 26), (2) the FAC "fails to allege any specific facts to sufficiently state a claim against Defendant Riesz[,]" (see id. at ¶ 24), and (3) "Plaintiff's claims for Harassment . . . do not constitute sufficiently 'severe or pervasive' conduct to support a claim for harassment." (See id. at ¶ 29).

It is well-settled that supervisors can be held liable for harassment under FEHA. See Cal. Gov't Code § 12940(j)(1) (making it unlawful for "an employer . . . or any other person, because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, sexual orientation, or military and veteran status, to harass an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract"); Jones v. Lodge at Torrey Pines P'ship, 42 Cal.4th 1158, 1162 (2008) ("Subdivision (j), the subdivision prohibiting harassment, provides, 'An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section that is perpetrated by the employee . . . .' This is clear language imposing personal liability on all employees for their own harassing actions.") (quoting Cal. Gov't Code § 12940(j)(3)). Plaintiff's FAC includes factual allegations against all defendants, including Riesz, regarding "onerous treatment" that makes out the gravamen of plaintiff's harassment claims. (See Dkt. 1-1, FAC at ¶ 12 ("[D]efendants . . . singled plaintiff out for onerous treatment[.]"); id. at ¶ 50 ("[D]efendants engaged in action to harass plaintiff . . . . Defendant directed numerous comments to plaintiff, . . . shunned him and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6254 FMO (AFMx) | Date | August 14, 2018 |
|---|---|---|---|
| Title | Alexander Sanchez v. NRG Energy, Inc., et al. | | |

refused to involve him in various projects[.]")). NRG provides no basis as to why Riesz should be excluded from these allegations. (See, generally, NOR). In short, there is no dispute that, at the time plaintiff filed the instant action in the state court, plaintiff alleged colorable claims against Riesz. See, e.g., Washington v. Lowe's HIW Inc., 75 F.Supp.3d 1240, 1248 (N.D. Cal. 2014) (stating that under FEHA, "harassment claims are cognizable against individual defendants."); Reno v. Baird, 18 Cal.4th 640, 644 (1998) (distinguishing liability under FEHA for harassment claims, to which individual employees are subject, from that under FEHA for discrimination claims, to which only "employers" are subject); see also Padilla v. AT & T Corp., 697 F.Supp.2d 1156, 1159 (C.D. Cal. 2009) (noting that a defendant "seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant."); Munoz v. Lab. Corp. of Am., 2015 WL 4507104, *1 (C.D. Cal. 2015) ("Even where presently deficiently pled, where Plaintiffs may amend [the] claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against her.") (emphasis in original); Gebran v. Wells Fargo Bank, N.A., 2016 WL 7471292, *5 (C.D. Cal. 2016) (explaining that a court must look at whether plaintiff has a cause of action against an alleged defendant "rather than inquire whether [the] defendant[] could propound defenses to an otherwise valid cause of action").

At this juncture, it cannot be said that the state court would find the claim inadequately pled or that plaintiff would be unable to amend the FAC to state a cause of action against Riesz. See Hunter v. Phillip Morris USA, 582 F.3d 1039, 1046 (9th Cir. 2009) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."); Allen, 784 F.3d at 634 (same). As such, NRG cannot show that it is "obvious according to the well-settled [law of California]" that plaintiff cannot state a claim against Riesz.[3] See United Computer Sys., Inc., 298 F.3d at 761; Allen, 784 F.3d at 634 ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law.").

In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that NRG has met its burden of showing that Riesz was fraudulently joined. Because Riesz is a citizen of California and there is no basis for diversity jurisdiction, the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

---

[3] Given this outcome, the court does not consider NRG's contentions regarding the other claims asserted against Riesz.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-6254 FMO (AFMx)** | Date | **August 14, 2018** |
|---|---|---|---|
| Title | **Alexander Sanchez v. NRG Energy, Inc., et al.** | | |

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |